## Case No. 13,283.

### STALKER et al. v. MAXWELL.

[3 Blatchf. 138.][1]

Circuit Court, S. D. New York. Dec., 1853.

CUSTOMS DUTIES—DISCRIMINATING DUTY—REPEAL—PROTEST.

1. The discriminating duty of 10 per cent. imposed on merchandise imported in certain foreign vessels, by section 11 of the act of August 30, 1842 (5 Stat. 561), is not abolished by the act of July 30, 1846 (9 Stat. 42).

2. Such discriminating duty continues, even though the general tariff of duties be altered.

3. Requisites of a protest against the imposition of duties, stated.

[See Bangs v. Maxwell, Case No. 841.]

This was an action [by Thomas Stalker and others] against [Hugh Maxwell] the collector of the port of New York, to recover back discriminating duties exacted on invoices of bales and cases of licorice root, imported by the plaintiffs from Amposta, in a Spanish vessel.

1 [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]
22FED.CAS.—66

BETTS, District Judge. Section 11 of the act of August 30, 1842 (5 Stat. 561), imposes an additional or discriminating duty of ten per cent. on merchandise imported in vessels not of the United States, unless they are entitled, by treaty or act of congress, to be entered on payment of the same duties as shall be paid on goods imported in vessels of the United States. The protest asserts that this discriminating duty is illegally imposed, because the act of July 30, 1846 (9 Stat. 42), establishes rates of duties repugnant to those created by the eleventh section of the act of August 30, 1842, and, both by implication and direct enactment, repeals that provision of the antecedent act.

We are of opinion, that there is no repugnancy in the provisions of the two acts, as the discrimination objected to relates to the vessel, and, whether the tariff of duties be increased or reduced by subsequent legislation, the additional ten per cent. is to be imposed when the goods are imported in foreign bottoms. The same method of estimating or determining the duty is to be pursued under the rates prescribed by either act.

By section 3, of the act passed August 3, 1846 (9 Stat. 50), all discriminating duties in respect to Spanish vessels, except those coming from Cuba or Porto Rico, are repealed. This importation was from Amposta, and, although there is nothing in the case negativing the existence of a port of that name in Cuba or Porto Rico, or asserting that this cargo came from Spain, yet as we possess no historical or topographical information of such a port in either island, and as the commodity imported is a product and article of commerce of Spain, and is not generally understood to be a tropical product, and as Amposta is a place in Catalonia near the Mediterranean, the reasonable presumption is that the exportation was from Spain. The probability is, that these facts were not adverted to at the custom-house, and that the duties were imposed by mistake. But, conformably to the doctrine uniformly laid down by this court, in actions against the collector, to charge him personally with the amount of duties illegally received, the court cannot regard any particular that is not designated specifically in the protest. As the plaintiffs did not make it a ground of objection to the duties, that this vessel did not come from Cuba or Porto Rico, and did come from Spain, they cannot demand a judgment for the duties against the collector individually. The relief of the plaintiffs, under this position of the case, should be by application to the secretary of the treasury for a remission of the duties. Judgment for defendant.

---

STALY (UNITED STATES v.). See Case No. 16,374.

STANARD (WRIGHT v.). See Case No. 18,004.